United States District Court
Southern District of Texas
**ENTERED**
March 31, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| YASMIRA MARGARITA NEGRETTE BRICENO, | § § § | |
| Petitioner, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:26-1095 |
| WARDEN, MONTGOMERY PROCESSING CENTER, *et al.* | § § § § | |
| Respondents. | § § | |

## ORDER FOR EXPEDITED ANSWER and
## ORDER TO SHOW CAUSE

Petitioner Yasmira Margarita Negrette Briceno is detained in the custody of officials with Immigration and Customs Enforcement (ICE). Through counsel, the petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (Dkt. 1).

The petition and supporting documents state that the petitioner is a national and citizen of Venezuela; that she entered the United States without inspection on or about September 21, 2021 that officials apprehended her and released her on her own recognizance at about the same time; that officials did not initiate removal proceedings against her; and that in 2022 she affirmatively applied for political asylum, withholding of removal, and protection under the Convention Against Torture. On November 21, 2025, when the petitioner appeared for a scheduled check-in appointment, officials took her into custody, and she has been detained since. She argues that she is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). She raises claims under federal regulations, the Due

1 / 4

Process Clause, judicial estoppel, and the Administrative Procedure Act. She seeks release from custody or, in the alternative, a bond hearing under 8 U.S.C. § 1226(a), among other relief.

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts[1] requires the Court to promptly examine the petition and its attached exhibits and dismiss the petition, in whole or in part, if the face of the petition shows that the petitioner is not entitled to relief. Having conducted the required examination, and pursuant to 28 U.S.C. § 2241 *et seq.*, the Court **ORDERS** as follows:

1.     To provide notice of this action to the respondents, the Clerk will deliver copies of the petition (Dkt. 1) and this order to the United States Attorney for the Southern District of Texas by electronic mail to USATXS.CivilNotice@usdoj.gov.

2.     Pursuant to 28 U.S.C. § 2243, the respondents are ordered to **SHOW CAUSE** **within five days** of this order why the petitioner should not immediately be released from custody. The petitioner may file a response within **three days** of the respondents' filing.

3.     The warden or the proper respondent must file an answer or other appropriate responsive pleading within **ten days** after the date of service and must forward a copy to the petitioner's counsel. **This pleading must specifically address whether this Court has jurisdiction to entertain this petition.** The respondent is advised that under Federal

---

[1]     A district court may apply any or all of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

Rule of Civil Procedure 12(d), if matters outside the pleadings are relied upon, his motion will be treated as a motion for summary judgment and should be entitled as such.

4.      In addition to any defense, in law or fact, to a claim for relief by the petitioner, the respondent's answer must contain: (a) a statement of the authority by which the petitioner is held and, if held under the judgment of a court or administrative tribunal, the name of such court or tribunal and the number and style of the case(s) in which those judgments were entered; and (b) a statement as to whether the petitioner has exhausted all available administrative remedies.

5.      Whether the respondent elects to submit an answer or a dispositive motion, the petitioner must file any response **within ten days** of the date reflected on the certificate of service.   Under the Court's local rules, the petitioner's failure to respond will be considered a representation that the petitioner does not oppose the motion.  *See* S.D. TEX. L.R. 7.4.  If the petitioner fails to comply on time, the Court may dismiss this case for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

6.      The Court does not order a response from the respondents other than the warden at this time.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) ("there is generally only one proper respondent to a given prisoner's habeas petition" and "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official"); *see also* 28 U.S.C. § 2242 (a federal habeas petition shall be directed to "the person who has custody over [the petitioner]"); 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained.").

7.      The respondents must notify petitioner's counsel and the Court of any anticipated or planned transfer of the petitioner **at least five (5) days before** any such transfer.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on ___March 31_____, 2026.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE